IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ERNESTO MOORE,

      Plaintiff,

v.                                                                                   No. 2:24-cv-0433 DLM/JHR

COG OPERATING, LLC; CONOCOPHILLIPS
COMPANY; JOHN DOE COMPANY; and
JOHN DOE EMPLOYEE,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

      Plaintiff Ernesto Moore filed suit in a New Mexico state court against Defendants COG Operating, LLC (COG), ConocoPhillips Company (ConocoPhillips) (together the "Named Defendants"), John Doe Company, and John Doe Employee. Moore alleges that Defendants are responsible for personal injuries he received from an explosion at an oilfield wellsite. The Named Defendants timely removed the lawsuit to this Court alleging diversity jurisdiction. Moore has since discovered the identity of John Doe Employee and seeks to add the individual (Giovanni Molina) and that individual's company (GodSpeed Trucking, LLC) as defendants. Because Moore and Molina are both citizens of New Mexico, joinder would destroy diversity. The Named Defendants oppose joinder. For the reasons discussed in this Opinion, the Court will grant the motion for joinder.

**I.**       **Factual and Procedural Background**

      On October 6, 2021, Moore was working at a wellsite in Eddy County, New Mexico. (Doc. 1-A-1 ¶¶ 1, 12.) Moore waited for the site's pumper, John Doe Employee, to finish the tasks necessary for Moore to begin his work unloading a tanker. (*See id.* ¶¶ 12–14.) "John Doe Employee

ensured [Moore] that everything was . . . good to go for him to begin his work." (*Id.* ¶ 14.) As Moore was finishing his work, an explosion occurred, causing him significant injuries. (*Id.* ¶¶ 17, 27.) Moore later heard John Doe Employee tell his boss that the tanker's heaters—which should have been turned off—were left on. (*Id.* ¶ 23.) Moore contends that the explosion was caused by John Doe Employee's failure to turn off the heaters. (*Id.* ¶ 25.)

Moore initially alleged that John Doe Employee is a resident of New Mexico whose first name is Giovanni. (*Id.* ¶ 7.) Moore further alleged that "John Doe Employee was an employee and/or agent of Defendant ConocoPhillips and was acting within the course and scope of his employment and/or agency." (*Id.* ¶ 8.)

Moore filed suit in New Mexico state court for negligence as to all defendants, respondeat superior as to the Named Defendants and John Doe Company, and punitive damages against all defendants. (*See id.* ¶¶ 28–44.) The Named Defendants removed the lawsuit to this Court pursuant to 28 U.S.C. § 1332(a). (*See* Doc. 1 at 2–3.)

On June 28, 2024, Moore filed a Motion for Joinder seeking to add 3J Trucking, LLC as a defendant, based on his belief that it employed John Doe Employee. (Doc. 24 at 1.) On July 26, 2024, Moore filed an Amended Motion for Joinder seeking to add Giovanni Molina (John Doe Employee) and Molina's company, GodSpeed Trucking, LLC. (*See* Doc. 30 at 3.) Moore asserts that he only learned of Molina's last name and company on July 26, 2024, when COG responded to Moore's first set of discovery requests. (*See id.* at 2–3.) The Named Defendants oppose the motion.

**II.     The Court will exercise its discretion to grant joinder.**

The post-removal joinder of parties is governed by 28 U.S.C. § 1447(e), which provides: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy

2

subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." Section 1447(e) applies even "when the complaint is amended to replace 'John Doe' defendants with defendants identified by name." *See McPhail v. Deere & Co.*, 529 F.3d 937, 951 (10th Cir. 2008) (citation omitted).

In deciding whether to add a non-diverse defendant, Tenth Circuit precedent directs courts to "first determine 'whether the defendant to be added is a required and an indispensable party' under Federal Rule of Civil Procedure 19 . . . ." *Leonnet v. Sprouts Farmers Mkt., Inc.*, No. 1:18-cv-1000 RB/JHR, 2019 WL 3842911, at *4 (D.N.M. Aug. 15, 2019) (quoting *Hernandez v. Chevron U.S.A., Inc.*, 347 F. Supp. 3d 921, 969 (D.N.M. 2018)); *see also McPhail*, 529 F.3d at 951. If the party is not indispensable, the Court must then decide "whether joinder is proper under Federal Rule of Civil Procedure 20's discretionary factors." *Id.* (citing *Hernandez*, 347 F. Supp. 3d at 969). "As the court found in *Hernandez*, a non-diverse party will never be required under Rule 19, because the Rule states that a required party is one 'who is subject to service of process *and whose joinder will not deprive the court of subject-matter jurisdiction* . . . .'" *Id.* (quoting 28 U.S.C. § 1447(e)) (citing *Hernandez*, 347 F. Supp. 3d at 970–72 (discussing the conflict between Rule 19(a) and Section 1447(e)). "As [Molina's[1]] joinder will necessarily deprive the court of subject-matter jurisdiction, he is [neither] required [nor indispensable][2] under Rule 19." *Id.* (citing *Hernandez*, 347 F. Supp. 3d at 970). The Court rejects Moore's argument to the contrary. (*See* Doc. 30 at 3.)

---

[1] To be clear, the Court *presumes* Molina's joinder will destroy diversity. *See infra* Sec. III. Neither party affirmatively states the citizenship of GodSpeed Trucking, LLC. (*See* Docs. 30; 32–33.)

[2] "A party that is not required [under Rule 19(a)] cannot be an indispensable party" under Rule 19(b). *Hernandez*, 347 F. Supp. 3d at 970 n.12 (explaining the terms "required" and "indispensable" under Rule 19).

That conclusion does not end the Court's analysis, as joinder may still be permitted, in the Court's discretion, under Rule 20. *See McPhail*, 529 F.3d at 951–52. "In exercising [its] discretion, the district court typically considers several factors [including] whether the amendment will result in undue prejudice, whether the request was unduly and inexplicably delayed, [and whether it] was offered in good faith . . . ." *Leonnet*, 2019 WL 3842911, at *4 (quoting *McPhail*, 529 F.3d at 952) (quotation marks omitted). "If the district court determines that joinder is appropriate, § 1447(e) requires remand to state court. If the district court decides otherwise, it 'may deny joinder.'" *Id.* (quoting *McPhail*, 529 F.3d at 952); *see also* 28 U.S.C. § 1447(e).

Having examined the Rule 20 factors, the Court finds joinder is appropriate. First, the Named Defendants do not assert that allowing joinder of Molina or GodSpeed Trucking, LLC will prejudice them. (*See* Doc. 32.) Instead, they argue that Moore fails to assert facts to show that GodSpeed, LLC was involved in the explosion. (*See id.* at 4.) They also submit evidence to demonstrate that GodSpeed, LLC was not in existence at the time of the incident. (*See id.* at 4–5; Doc. 32-1.) Moore does not respond to this argument. (*See* Doc. 33.) While the Court agrees that it is unlikely GodSpeed, LLC is liable in this lawsuit, the Named Defendants fail to establish that joinder of either Molina or his company constitutes prejudice. This factor weighs in favor of allowing joinder.

Second, the Named Defendants do not argue that Moore's motion was delayed. (*See id.*) They mention that Moore's original motion was timely, but that he filed his amended motion after the deadline to amend passed. (*See id.* at 2; *see also* Doc. 21 at 2 (setting a July 5, 2024 deadline for Moore to move to amend or add additional parties).) Moore explains that he served a discovery request on COG on June 28, 2024, seeking the last name of John Doe Employee. (*See* Doc. 30 at 2.) He states that COG provided Molina's name on July 26, 2024, and that he filed his Amended

4

Motion for Joinder on the same day. (*See id.*) COG does not dispute this assertion, nor do the Named Defendants contend that Moore's motion should be denied as untimely. (*See* Doc. 32.) Accordingly, the Court does not find that Moore's motion was unduly delayed. This factor weighs in favor of allowing joinder.

Finally, the Named Defendants do not argue that Moore moved for joinder in bad faith. (*See id.*) Indeed, Moore included the John Doe Employee defendant in his Complaint, along with Molina's first name, as a placeholder pending discovery on his identity. (*See* Docs. 1-A-1; 30 at 2.) And given that Moore immediately filed his motion upon learning Molina's name, the Court finds that Moore filed his motion in good faith. This factor also weighs in favor of allowing joinder.

The Named Defendants' primary argument against joinder rests on Moore's claims: they contend that Moore failed to assert a claim against Molina individually. (*See* Doc. 32 at 3–4.) The Court disagrees. As Moore points out, his first claim is for negligence against *all* Defendants (Doc. 1-A-1 ¶¶ 28–35), and the facts in the Complaint adequately outline John Doe Employee's (Molina's) alleged negligent and/or reckless conduct. (*See* Doc. 33 at 2; *see also* Doc. 1-A-1 ¶ 13–14, 23–26, 31–32.) Moore asserts a separate claim for respondeat superior liability. (Doc. 1-A-1 ¶¶ 36–41.)

The Named Defendants also assert that "Molina's joinder is not necessary to allow for complete relief to be accorded among the currently existing parties[,]" as he is alleged to be the employee of ConocoPhillips. (*See id.* at 4.) The Court is reluctant to reach that conclusion, however, without a stipulation that Molina was acting in his capacity as employee or agent of ConocoPhillips.[3]

---

[3] Moreover, there is a world in which Molina, but not his employer, could be held liable for his conduct. *See, e.g.*, *Medina v. Fuller*, 971 P.2d 851, 855 (N.M. Ct. App. 1999) ("Where the employee's conduct has substantially deviated

"All three rule 20(a) factors, accordingly, counsel to allow the joinder and remand the case to New Mexico state court." *See Haynes v. Peters*, 403 F. Supp. 3d 1072, 1090 (D.N.M. 2019). "The Court will not deny joinder where [Moore has] a valid claim against" at least Molina, "the existing defendants will suffer little to no prejudice, and" Moore clearly intended to name Molina, a New Mexico citizen, when he included John Doe Employee as a defendant. *See id.* The Court will exercise its discretion to allow joinder, which will likely require the remand of this matter to state court.

### III. The Court will order Moore to file an amended complaint.

There is one slight wrinkle that prevents immediate remand. The Named Defendants removed this lawsuit on the basis of diversity and asserted that Moore is a citizen of New Mexico. (*See* Doc. 1 ¶ 5.) They base this assertion on Moore's Complaint, which only alleges his *residency*, not his *citizenship*. (*See id.* (citing Doc. 1-A-1 ¶ 2 (stating Moore is a resident of New Mexico)).) "An individual's residence is not equivalent to his domicile[,] and it is domicile that is relevant for determining citizenship." *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015) (citation omitted). Moreover, although both parties refer to Molina as if he is a New Mexico citizen, Moore never affirmatively states Molina's citizenship. (*See* Docs. 30; 32–33.)

The Court will therefore order Moore to file an amended complaint to add Molina and GodSpeed Trucking, LLC and to properly allege the citizenship of all parties to this lawsuit.[4] If

---

from his or her duties, it is unjust to hold the employer liable.") (quotation omitted). The facts here, however, do not point to such a conclusion.

[4] The Court declines to decide whether Moore may assert a claim against GodSpeed Trucking, LLC.

6

the amended complaint demonstrates there is no diversity of citizenship, the Court will enter an order remanding this lawsuit to state court.

    **IT IS THEREFORE ORDERED** that Moore's Motion for Joinder (Doc. 24) is **DENIED AS MOOT**;

    **IT IS FURTHER ORDERED** that Moore's Amended Motion for Joinder (Doc. 30) is **GRANTED**;

    **IT IS FURTHER ORDERED** that Moore shall, no later than **October 4, 2024**, file an amended complaint that properly alleges the citizenship of all parties to this lawsuit.

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE
*Presiding by Consent*